**In re James Vann PRUITT, Debtor.**

Bankruptcy No. 96–00810–W.

United States Bankruptcy Court, N.D. Oklahoma.

Sept. 27, 1996.

James Vann Pruitt, Tulsa, OK, pro se.

Phil Pinnell, Assistant U.S. Attorney, N. D. of Oklahoma, Tulsa, OK, for U.S.

Lonnie D. Eck, Chapter 13 Trustee, Tulsa, OK.

### ORDER DISMISSING CASE

MICKEY DAN WILSON, Chief Judge.

On March 11, 1996, James Vann Pruitt ("Pruitt") filed his voluntary petition for relief under 11 U.S.C. Chapter 13 in this Court. On March 19, 1996, Pruitt filed his Chapter 13 plan; and hearing on confirmation of the plan was set for April 24, 1996. On April 2, 1996, creditor United States of America ex rel. Internal Revenue Service ("U.S.A.") objected to confirmation of the plan, and also filed its "Motion to Dismiss and Brief in Support". On April 16, 1996, Pruitt filed his response to U.S.A.'s motion to dismiss. At hearings on April 24 and May 1, 1996, the Court received certain stipulations of the parties, heard statements of counsel and of Pruitt pro se, noted that "[a]ll parties agree that this is a non-confirmable plan," see minute of 5/1/96 (docket #25M), and took the matter under advisement. Further briefs were filed by U.S.A. on June 12, 1996 and by Pruitt on July 18, 1996.

On or about July 24, 1996, at a hearing in Case No. 96–01686–W In re Walter Edward Kostich, Jr., which said hearing Pruitt attended, and which said case presented various issues and arguments similar to those in

the present case, this Court recited into the record its decision granting U.S.A.'s "Motion to Dismiss ..." Pruitt's case. This Court determined, among other things, that Pruitt's proposed plan cannot be confirmed because it does not properly provide for U.S.A.'s secured claim pursuant to 11 U.S.C. § 1325(a)(5), nor for U.S.A.'s priority unsecured claim pursuant to 11 U.S.C. § 1322(a)(2); that it unfairly discriminates against certain unsecured claims, namely those of U.S.A. and of the Oklahoma Tax Commission, in violation of 11 U.S.C. § 1322(a)(3), (b)(1); that it is probably infeasible, due to the uncertain amount of Pruitt's tax debt resulting from Pruitt's own failure to file a tax return for the year 1994, in violation of 11 U.S.C. § 1325(a)(6); that Pruitt is unwilling or unable to propose a confirmable plan in this Chapter 13 case, which constitutes unreasonable delay that is prejudicial to creditors under 11 U.S.C. § 1307(c)(1); and that accordingly, cause existed for dismissal of Pruitt's case, and U.S.A.'s "Motion to Dismiss ..." should be granted. This order memorializes said decision, whose findings of fact and conclusions of law are adopted and incorporated herein by reference.

IT IS THEREFORE ORDERED that U.S.A.'s "Motion to Dismiss ..." be, and the same is hereby, granted; and that this case under 11 U.S.C. Chapter 13 be, and the same is hereby, dismissed, with jurisdiction retained for the purpose of completing administration of the case.

### ORDER DENYING "MOTION TO VACATE ORDER OF DISMISSAL AND MOTION FOR RE–HEARING"

On or about July 24, 1996, this Court dismissed the above-styled case under 11 U.S.C. Chapter 13. On July 31, 1996, debtor James Vann Pruitt ("Pruitt") filed herein his "Motion to Vacate Order of Dismissal and Motion for Re–Hearing". Therein Pruitt asserts that his case was dismissed "without a hearing," motion p. 2; that it was dismissed "on a technicality'" despite "all the filings that he has made in this proceeding," *id.;* that "[t]his Court does not have jurisdiction" to "charge" Pruitt with failure to file tax returns, *id.* p. 4,

or to "require [him] to file tax returns," *id.* p. 5; and that U.S.A.'s tax claim is "'bogus'" and "not legitimate" and "fraudulent," *id.* pp. 5–6.

Pruitt's case was dismissed only after hearing—in fact, after more than one hearing. The Court is not required to schedule and convene a separate "hearing" merely to announce its decision. The case was not dismissed on a "technicality," but because of Pruitt's unwillingness or inability to comply with several fundamental and indispensable requirements of Chapter 13. The number of Pruitt's "filings" is immaterial—the bulk of pleading adds nothing to its weight. The Court has "jurisdiction" to order Pruitt to do any lawful thing which is necessary or appropriate to carry out the provisions of Title 11, 11 U.S.C. § 105(a), and to dismiss his case if he does not comply, 11 U.S.C. § 1307(c). This Court clearly has authority to determine tax matters incidental to bankruptcy, see e.g. 11 U.S.C. §§ 502, 505, 507(a)(8), 28 U.S.C. § 1334(b), as Pruitt himself elsewhere admits, motion p. 4 lines 14–15. Pruitt asserts that it is not lawful to force him to comply with the tax laws, regulations and procedures of the United States; but despite the bulk of his "filings" in this case, he has offered nothing—not a scintilla—which tends in the slightest degree to support such assertion. This Court is not required to delay creditors merely to provide a forum for litigation of a claim which lacks any color of law.

Accordingly, Pruitt's "Motion to Vacate Order of Dismissal and Motion for Re–Hearing" is (are) hereby denied.

AND IT IS SO ORDERED.